# Holthouse, Appellant, *v.* Bray.

*Mechanic's lien—Amendment—Practice, C. P.*

Where on the trial of a scire facias sur mechanic's lien filed six months prior to the date of the trial, it appeared from the uncontradicted testimony that the plaintiff did not furnish the material on the credit of the building, it is not error for the court to refuse to permit the record to be amended so as to substitute as plaintiff, the person who really furnished the material on the credit of the building.

Argued April 24, 1906.    Appeal, No. 152, April T., 1906, by plaintiff, from order of C. P. No. 1, Allegheny Co., June T., 1903, No. 328, refusing to take off nonsuit in case of A. W. Holthouse v. Charles W. Bray, Owner, and George E. Hardie, Contractor. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head, JJ. Affirmed.

Scire facias sur mechanic's lien.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were (1) refusing to take off nonsuit; (2) in refusing leave to amend.

*William M. McElroy*, with him *J. S. Ferguson*, for appellant: Gebhard v. Levering, 14 Phila. 120; Herr v. Harnish, 13 L., Bar. 175; Jones v. Philler, 13 Pa. C. C. Rep. 232; Dill v. Gaughan, 9 Kulp, 384; Linden Steel Co. v. Imperial Refining Co., 138 Pa. 10.

*W. H. Lemon*, with him *Chas. A. Woods*, for appellees, cited: Knox v. Hilty, 118 Pa. 430; McFarland v. Schultz, 168 Pa. 634.

Opinion by Morrison, J., June 30, 1906:

The appellant in this case states the questions involved as follows:

"1. The action being a scire facias sur mechanic's lien, whether under the testimony in the case ex parte plaintiff, there was sufficient to go to the jury that the lumber claimed for was furnished either to or on the credit of the building."

"2. Whether the amendment asked for at the trial, making the plaintiff H. H. Hopkins for use of A. W. Holthouse should have been allowed."

" 3. Whether or not judgment of nonsuit was properly entered."

The assignments of error raise the questions of the refusal of the court to take off the compulsory nonsuit, and the refusal to allow the amendment above mentioned.

An examination of the testimony convinces us that outside of the hearsay and incompetent testimony of the plaintiff, there was a clear showing that the lumber for which the lien was filed was purchased in Cleveland on credit and account of H. H. Hopkins and that it was delivered to George E. Hardie, by Hopkins's direction, on the credit of said Hardie, and not on the credit of the building mentioned in the lien. It clearly appears in the evidence of Hopkins that he sold the lumber to Hardie and on his credit. When the plaintiff rested and was met by the defendant's motion for a compulsory nonsuit, it then seems to have been conceded by the learned counsel for the plaintiff that the lien ought not to have been filed in favor of A. W. Holthouse. If the counsel had suggested that both Hopkins and Holthouse were interested in the subject-matter of the lien and that a mistake had been made in failing to include with Holthouse the name of Hopkins, as claimants, there would have been much force in the proposition to amend. But the purposed amendment conceded that H. H. Hopkins was the person who purchased the lumber and sold it to George E. Hardie, contractor. This being so, the lien ought to have been filed in the name of Hopkins.

We then have a lien filed more than six months prior to this trial and motion to amend, in favor of one who had no right to a lien against the property mentioned in the lien, for the lumber in question. To have permitted the amendment would have been, in legal effect, permitting Hopkins to file a lien for the lumber against Bray's property, more than six months after it had been delivered to Hardie at his planing mill and on his individual credit. In our opinion, what has been said clearly indicates that the learned court did not err in refusing the amendment and in granting the compulsory nonsuit and refusing to take it off.

The assignments of error are dismissed and the judgment is affirmed.